IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MICHAEL NOTARNICOLA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-24-145-RAW-DES |
| | ) | |
| **OKLAHOMA INDIGENT DEFENSE** | ) | |
| **SYSTEM and MATTHEW PRICE,** | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff is a pro se state prisoner who is incarcerated at the McIntosh County Jail in Eufaula, Oklahoma. He filed this civil rights complaint pursuant to 42 U.S.C. § 1983, seeking relief for alleged constitutional violations regarding his conviction (Dkt. 1). The defendants are the Oklahoma Indigent Defense System ("OIDS") and Matthew R. Price in his official capacity as an attorney appointed by OIDS.

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

Plaintiff alleges OIDS violated his rights under the Sixth Amendment, because certain defense witnesses were not subpoenaed for the defense by his OIDS-appointed attorney. OIDS is a state agency appointed by the courts to represent indigent defendants in 75 Oklahoma counties who are charged with crimes punishable by incarceration or in cases where the State is seeking the death penalty. *See* https://www.oklahoma.gov/oids/about.html. The Eleventh Amendment, however, prevents Plaintiff from suing the State of Oklahoma without its unequivocal consent, and this prohibition encompasses suits against state agencies. *See Guttman v. Khalsa*, 669 F.3d 1101, 1110

(10th Cir. 2012) ( "Although a state may waive the sovereign immunity granted to it under the Eleventh Amendment, we require a showing of unequivocal intent to do so."); *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 (10th Cir. 2010) (noting that the Eleventh Amendment's protection encompasses States and state agencies). "Oklahoma has not waived sovereign immunity against § 1983 claims in federal district court." *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). *See also* Okla. Stat. tit. 51 § 152.1. Therefore, the Oklahoma Indigent Defense System is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted and for seeking monetary relief from defendant who is immune from such relief. *See Watford v. Richardson*, 450 F. App'x 698, 699 (10th Cir. 2011) (holding that claims dismissed under the Eleventh Amendment should be dismissed without prejudice.).

Plaintiff claims his appointed attorney Matthew R. Price failed to subpoena witnesses to aid in his defense. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Further, "even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983." *Briscoe v. LaHue*, 460 U.S. 325, 329 n.6 (1983). *See also Harris v. Champion*, 51 F.3d at 901, 909 (10th Cir. 1995) (holding that appointed defense counsel, employed by OIDS and engaged in traditional lawyer functions as counsel to a defendant in a criminal proceeding, do not act under color of state law). Therefore, Defendant Price is dismissed from this action pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

**ACCORDINGLY,**

1. Defendant Oklahoma Indigent Defense System is dismissed without prejudice.

2. Defendant Matthew R. Price is dismissed.

3. This action is dismissed in its entirety.

**IT IS SO ORDERED** this 8th day of May 2024.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE